UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGREJ SINGH,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>A. NEIL CLARK, Seattle Field Office Director for Detention and Removal Operations, U.S. Immigration and Customs Enforcement,<br><br>　　　　　Respondent. | CASE NO.  C06-1803-TSZ-MJB<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

On December 19, 2006, petitioner Angrej Singh, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention by the United States Immigration and Customs Enforcement ("ICE"). (Dkt. #4). Petitioner requests that he be released from custody, alleging that he is being indefinitely detained in violation of *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). This is the second habeas petition petitioner has filed in this Court challenging his detention pending the litigation of his Petition for Review filed in the Ninth Circuit Court of Appeals. *See Singh v. Gonzales*, Case No. CV-05-1686-JLR-JPD; *Singh v. Gonzales*, No. 05-

REPORT AND RECOMMENDATION
PAGE – 1

73034 (9th Cir. filed May 20, 2005). On January 22, 2007, respondent filed a Motion to Dismiss, arguing that petitioner's claims of illegal detention have already been litigated and resolved against him by this Court and are therefore barred by *res judicata* and the law of the case doctrine. (Dkt. #9 at 3-4). Respondent also argues that petitioner waived his present habeas claims when he voluntarily dismissed the Petition for Review of his first habeas petition. *See Singh v. Gonzales,* Case No. CV-05-1686-JLR-JPD; *Singh v. Gonzales*, No. 06-35450 (9th Cir. dismissed July 11, 2006).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition, Dkt. #4, be DENIED, and that respondent's motion to dismiss, Dkt. #9, be GRANTED.

## II.  BACKGROUND AND PROCEDURAL HISTORY

Petitioner Angrej Singh is a native and citizen of India. On May 31, 1992, he sought entry into the United States at Detroit, Michigan. (*Singh v. Gonzales,* Case No. CV-05-1686-JLR-JPD, Dkt. #8 at 71). Petitioner was inspected and detained as an intending immigrant without proper documentation. Petitioner identified himself as Angrej Singh and filed an application for political asylum, asserting that he was a member of the Sikh religion persecuted by the Hindu majority in India. (*Singh v. Gonzales,* Case No. CV-05-1686-JLR-JPD, Dkt. #9 at 71, 143).

On July 2, 1992, the former Immigration and Naturalization Service[1] ("INS") conducted an asylum pre-screening interview and granted petitioner parole into the United States. On May

---

[1] Effective March 1, 2003, the Immigration and Naturalization Service was abolished pursuant to the Homeland Security Act of 2002, 116 Stat. 2135, Pub. L. 107-296, *codified at* 6 U.S.C. § § 101, *et seq.*, and its immigration functions were transferred to the Department of Homeland Security ("DHS").

REPORT AND RECOMMENDATION
PAGE – 2

26, 1993, after conducting a formal asylum interview, the INS denied petitioner's application for asylum, finding that petitioner had failed to establish a well-founded fear of persecution. (*Singh v. Gonzales,* Case No. CV-05-1686-JLR-JPD, Dkt. #9 at 64). Petitioner submitted an administrative appeal of the asylum decision which was denied on June 28, 1993. (*Singh v. Gonzales,* Case No. CV-05-1686-JLR-JPD, Dkt. #10 at S-8).

On May 26, 1994, the INS terminated petitioner's parole and issued a Form I-122 Notice to Applicant for Admission Detained for Hearing Before Immigration Judge ("IJ"), placing petitioner in exclusion proceedings, and charging petitioner as an intending immigrant not in possession of an immigrant visa, and as a nonimmigrant not in possession of a valid passport or nonimmigrant visa. (*Singh v. Gonzales,* Case No. CV-05-1686-JLR-JPD, Dkt. #9 at 165). Petitioner's exclusion hearing before an IJ was scheduled for September 9, 1996. (*Singh v. Gonzales,* Case No. CV-05-1686-JLR-JPD, Dkt. #9 at 97). In accord with asylum regulations, petitioner was permitted to renew his asylum request in the Immigration Court proceedings. In connection with petitioner's renewed asylum application, the Executive Office for Immigration Review ("EOIR") requested an advisory opinion from the United States Department of State on petitioner's asylum application. The State Department concluded that petitioner's "description of events which led him to seek asylum (his claimed membership in AISSF and his claim to have been mistreated because of his religion and his political opinion) does not stand up to rigorous analysis." (*Singh v. Gonzales,* Case No. CV-05-1686-JLR-JPD, Dkt. #9 at 124).

On November 15, 1995, petitioner, using the name Gurmej Singh Pahal, filed another application for asylum. On April 30, 1996, the Asylum Office in San Francisco granted petitioner preliminary refugee status under the identity of Gurmej Singh Pahal. *Id.* Petitioner's

REPORT AND RECOMMENDATION
PAGE – 3

asylum application was subsequently approved.

On September 9, 1996, petitioner's attorney attended his exclusion hearing, but petitioner failed to appear. Accordingly, the IJ determined that petitioner had abandoned his claims for relief from exclusion and ordered petitioner excluded *in absentia*. (*Singh v. Gonzales,* Case No. CV-05-1686-JLR-JPD, Dkt. #9 at 96). Petitioner did not appeal the IJ's order to the Board of Immigration Appeals ("BIA") or to the Ninth Circuit Court of Appeals. On January 30, 1997, the INS sent petitioner a letter advising him that arrangements had been made for his removal to India on March 3, 1997. Petitioner failed to appear for his scheduled removal from the United States to India on March 3, 1997. (*Singh v. Gonzales,* Case No. CV-05-1686-JLR-JPD, Dkt. #10 at S-8).

In September 1997, petitioner, using the name Gurmej Singh Pahal, filed an application for adjustment of status with the INS in Spokane, Washington. In January 1998, while petitioner's application for adjustment of status was pending, the INS received an anonymous letter, stating that Angrej Singh had lost his case before the Immigration Judge, so he changed his name to Gurmej Singh Pahal, reapplied for asylum, and won his case under a different name. *Id*. On March 12, 1998, the Spokane County Sheriff's office advised the INS that it had examined the fingerprints of Andrej Singh and Gurmej Singh Pahl and determined that the prints came from the same person. (*Singh v. Gonzales,* Case No. CV-05-1686-JLR-JPD, Dkt. #10 at S-14).

On September 16, 2004, petitioner went to the Spokane Office to obtain travel documents to Canada and was taken into custody and held on the IJ's September 9, 1996, order of exclusion. (*Singh v. Gonzales,* Case No. CV-05-1686-JLR-JPD, Dkt. #10 at S-8). Petitioner admitted that he was Andrej Singh. *Id*. On September 17, 2004, DHS rescinded the grant of

REPORT AND RECOMMENDATION
PAGE – 4

asylum to Andrej Singh under the identity of Gurmej Singh Pahal, stating that petitioner "was improperly granted asylum as he was under an order of exclusion and had applied under an assumed identity." (*Singh v. Gonzales,* Case No. CV-05-1686-JLR-JPD, Dkt. #10 at S-13).

On November 24, 2004, petitioner, through counsel, filed a motion to reopen his exclusion proceedings. (*Singh v. Gonzales,* Case No. CV-05-1686-JLR-JPD, Dkt. #9 at 58). On January 4, 2005, the IJ denied the motion to reopen. (Dkt. #9 at 40). Petitioner appealed the IJ's decision, which was affirmed, without opinion, by the BIA on May 17, 2005. (*Singh v. Gonzales,* Case No. CV-05-1686-JLR-JPD, Dkt. #9 at 2). On May 20, 2005, petitioner filed a Petition for Review and Motion to Stay Deportation/Removal in the Ninth Circuit Court of Appeals. *Singh v. Gonzales*, No. 05-73034 (9th Cir. filed May 20, 2005). Under Ninth Circuit General Order 6.4(c)(1), this caused a temporary stay of removal to automatically issue. Petitioner's Petition for Review remains pending in the Ninth Circuit.

On October 5, 2005, petitioner filed his first habeas petition in this Court, challenging his detention pending the adjudication of his Petition for Review in the Court of Appeals. (*Singh v. Gonzales,* Case No. CV-05-1686-JLR-JPD, Dkt. #1). On April 3, 2006, the Honorable James L. Robart, United States District Judge, denied and dismissed petitioner's habeas petition. (*Singh v. Gonzales,* Case No. CV-05-1686-JLR-JPD, Dkt. #19). Petitioner appealed the dismissal of his habeas petition. *See Singh v. Gonzales*, No. 06-35450 (9th Cir. filed April 19, 2006). Petitioner subsequently withdrew his Petition for Review. *See Singh v. Gonzales*, No. 06-35450 (9th Cir. dismissed July 11, 2006).

On December 19, 2006, petitioner filed the instant habeas petition, challenging his continued detention. (Dkt. #4). On January 22, 2007, respondent filed a motion to dismiss. (Dkt. #9). Petitioner did not file a response.

REPORT AND RECOMMENDATION
PAGE – 5

III. DISCUSSION

Petitioner has filed a "Petition for Writ of Habeas Corpus/Alternative Motion to Reopen Underlying Cause of Action (C05-1686-JLR-JPD) Due to Inefficiency of Counsel Through Blatant Fraud Upon the Petitioner." (Dkt. #4). This is the second habeas petitioner has filed in this Court challenging his "indefinite detention," pending the outcome of his Petition for Review filed in the Ninth Circuit Court of Appeals. Petitioner's instant habeas petition does not raise any new issues. Respondent answers that petitioner is lawfully detained pending the outcome of his Petition for Review and that petitioner's claims of unlawful detention should be dismissed under the doctrine of *res judicata* or law of the case. (Dkt. #9).

"When a final order of removal has been entered against an alien, the Government must facilitate that alien's removal within a 90-day 'removal period.'" *Thai v. Ashcroft*, 366 F.3d 790, 793 (9th Cir. 2004)(citing *Xi v. INS*, 298 F.3d 832, 834-35 (9th Cir. 2002)); INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.</u>

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added); s*ee also Khotesouvan v. Morones*, 386 F.3d 1298, 1300 n.3 (9th Cir. 2004) (stating that the 90-day removal period commences on "the date the order of removal becomes final; the date a reviewing court lifts its stay following review and approval of the order of removal; or the date the alien ordered removed is released from non-immigration related confinement."). During the removal period, continued detention is statutorily required. INA § 241(a)(2), 8 U.S.C. § 1231(a)(2) ("During the removal period, the

REPORT AND RECOMMENDATION
PAGE – 6

Attorney General shall detain the alien."). Where removal cannot be accomplished within the ninety-day removal period, detention beyond the removal period is authorized by INA § 241(a)(6), 8 U.S.C. § 1231(a)(6). In *Zadvydas v. Davis,* the Supreme Court determined that the government is entitled to a presumptively reasonable period of detention of six months to bring about the alien's removal from the United States. *Zadvydas v. Davis*, 533 U.S. 678, 701, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). After this six month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* The petitioner has the burden of coming forward with "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. If the petitioner meets this burden, the government must produce sufficient evidence to rebut petitioner's showing. *Id.*

Here, however, *Zadvydas* is inapplicable for two reasons. First, petitioner's removal period has not yet begun because the Ninth Circuit has stayed his removal pending review of his removal order, and the Petition for Review remains pending before the Ninth Circuit. *See* INA § 241(a)(1)(B)(ii). Second, petitioner's removal is reasonably foreseeable. Once the Ninth Circuit decides his appeal, ICE will remove or release petitioner. Thus, contrary to the petitioner in *Zadvydas*, petitioner's detention is neither "indefinite" nor "potentially permanent." *Zadvydas*, 533 U.S. at 690-91. Accordingly, petitioner has failed to make a threshold showing of indefinite detention. As the Honorable Ricardo S. Martinez, United States District Judge, recently stated in a similar action,

> petitioner holds the keys to his own release. . . . he could end his detention immediately by accepting removal to India, where he could continue to litigate his Petition for Review. See INA § 241(B)(3)(B) [8 U.S.C. § 1252(b)(3)(B)] (allowing for litigation of a Petition for Review from abroad).

*Stivan Singh v. Gonzales*, Case No. C06-0892-RSM (Dkt. #33 at 2*)*. As this Court previously

REPORT AND RECOMMENDATION
PAGE – 7

determined, petitioner is lawfully detained pending the outcome of his Petition for Review. *See Singh v. Gonzales*, Case No. CV-05-1686-JLR-JPD.

IV. <u>CONCLUSION</u>

For the foregoing reasons, I recommend that respondent's motion to dismiss be granted, and that this action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 12th day of June, 2007.

/s/ M.J. Benton
_____
Monica J. Benton
U.S. Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 8